Randolph PHILLIPS, Plaintiff,

v.

Roger W. KAPP, Alleghany Corporation, Investors Diversified Services, Inc., Allan P. Kirby, Jr., Fred M. Kirby and John E. Tobin, Defendants.

No. 79 Civ. 4590.

United States District Court,
S. D. New York.

March 6, 1980.

Randolph Phillips, pro se.

Cahill Gordon & Reindel, New York City, by William E. Hegarty, H. Richard Schumacher and John A. Shutkin, New York City, for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge.

On August 31, 1979, Randolph Phillips commenced an action in this court alleging that the defendants made defamatory statements to the Securities and Exchange Commission regarding his conduct as a *pro se* litigant. Defendants moved to dismiss the complaint for failure to state a claim and for lack of diversity jurisdiction. Oral argument was heard on October 19, 1979. While that motion was *sub judice*, plaintiff filed a notice of voluntary discontinuance of the entire federal action pursuant to Fed.R. Civ.P. 41(a)(1)(i), and thereupon commenced a new action in New York State Supreme Court based on the same claims. On Janu-

ary 15, 1980, defendants removed the state court action to this court. The defendants now move (1) to vacate the plaintiff's earlier notice of voluntary discontinuance; (2) to consolidate the state action and the earlier federal action; and (3) defendants renew their motion to dismiss the complaint.

■ It is not necessary to reach the question of whether the plaintiff's voluntary discontinuance of the federal action was proper since this court has removal jurisdiction over the state court action. The complaint alleges an implied cause of action for defamation under the Investment Company Act of 1940 and the Administrative Procedure Act, and violations of the first and fifth amendments to the U.S. Constitution. Thus, this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331(a).

■ Plaintiff's contention that Sections 34(b) and 40(a) of the Investment Company Act, 15 U.S.C. § 80a–33, and § 80a–39, give rise to a private right of action for defamation fails because neither section, expressly or impliedly, provides such a remedy. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 11 U.S. 444, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). A private right of action cannot be implied under § 34(b) of the Act, which relates to the "destruction and falsification of reports and records," or under § 40(c) of the Act, which proscribes the manner in which the SEC shall give notice of the initiation of its proceedings. An implied cause of action cannot be recognized where there is "no legislative intent, explicit or implicit" to create such a remedy. *See Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975); *Transamerica Mortgage Advisors, Inc. v. Lewis, supra.*[1] Plaintiff's federal law claims are accordingly dismissed.

---

1. Although plaintiff also contends that the defendants have violated his first and fifth amendment rights, it is clear that no such cause of action exists with respect to the defendants. The first and fifth amendments limit the conduct of federal and state officials and others acting under color of law. They do not govern the conduct of individuals or private corporations. *Graseck v. Muaceri*, 582 F.2d 203, 207–10 (2d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979). Here the defendants' submission of documents to the SEC does not constitute state action. *See Housand v. Heiman*, 594 F.2d 923, 924–25 (2d Cir. 1978); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973).

Plaintiff's state law claims cannot be maintained independently of the federal claims. First, there is no diversity jurisdiction with respect to these claims since both Mr. Phillips and defendant Alleghany, whose principal place of business is New York, are residents of the same state.[2] *See Phillips v. Tobin*, 403 F.Supp. 89, 95 (S.D.N.Y.1975); *Most v. Alleghany Corp.*, No. 66–962 (S.D.N.Y. February 17, 1970); *Smith v. Fitzsimmons*, 264 F.Supp. 728, 730 (S.D.N.Y. 1967), *aff'd*, 394 F.2d 381 (2d Cir.), *cert. denied*, 393 U.S. 939, 89 S.Ct. 300, 21 L.Ed.2d 276 (1968). Second, in the exercise of discretion, this court declines to exercise pendent jurisdiction over these claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

The defendants have asked for an award of counsel fees in connection with the defense of the motion to remand. The court does not hold *pro se* litigants to the level of expertise of other litigants. However, it will not permit a *pro se* litigant to knowingly assert inconsistent statements in court papers as the need arises, thereby imposing the additional burdens and costs of such litigation on their adversaries.[3] Here Mr. Phillips first defended against the defendants' motion to dismiss for lack of jurisdiction by alleging federal question jurisdiction. Subsequently, after serving his notice of voluntary discontinuance and after commencing a state court lawsuit by serving an identical complaint, Mr. Phillips now moves to remand the removed state lawsuit on the ground that there is *no* federal question jurisdiction over that action. The end result of these inconsistent assertions is that the defendants have had to defend against an utterly frivolous motion to remand. *See Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088–89 (2d Cir. 1977). Accordingly, the defendants are awarded attorneys' fees on their motion in the amount of $300.00.[4]

So ordered.

---

Moreover, there is no implied right of action for defamation under the Administrative Procedure Act which, in general, regulates the conduct of agency proceedings. That Act was not designed to provide a private right of action in favor of participants in such proceedings with respect to allegedly wrongful conduct during the course of agency adjudication. Although APA § 8(d)(1), 5 U.S.C. § 557(d) prohibits, in certain circumstances, *ex parte* communications with an agency's decision-making authorities, the remedy for such abuses, if any, is limited to judicial review of the agency proceeding. APA § 10(c, e), 5 U.S.C. §§ 706, 704. It is well established that the fact that a "federal statute [may have] been violated and some person harmed does not automatically give rise to a private cause of action in favor of the person." *Cannon v. University of Chicago*, 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979).

2. Even if diversity of citizenship existed between the parties, affidavits and exhibits submitted by the defendants demonstrate that the allegedly defamatory statements were contained in reports of judicial proceedings and were republished by the defendants in the course of quasi-judicial proceedings before the SEC. As such, these statements are absolutely privileged under N.Y. Civil Rights Law § 74 (McKinney).

3. Mr. Phillips is no ordinary *pro se* litigant. He has thoroughly and vigorously pursued this and other actions against these defendants.

4. In order to defend against this motion to remand, the court is personally aware that the defendants have had to pay the cost of having a partner and an associate of a large New York law firm spend an afternoon in court to argue in defense of this motion, as well as the expense of preparing a thirteen-page brief in opposition to the motion to remand. The $300.00 awarded is unquestionably reasonable considering both the costs to defendants in connection with this motion and plaintiff's *pro se* status.