Elzbieta **GAYDA, individually and as personal representative of the Estate of Krzyzstof Gayda, Stanislaw Gajda and Joanna Gajda, Appellants,**

v.

**LOT POLISH AIRLINES, Appellee.**

**No. 842, Docket 82–7820.**

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1983.

Decided March 18, 1983.

Filed March 21, 1983.

* Of the United States Court of Appeals for the    Third Circuit, sitting by designation.

Frank N. Granito, Jr., Speiser & Krause, P.C., New York City, for appellants.

Lawrence Mentz, Condon & Forsyth, New York City (George N. Tompkins, Jr., Desmond T. Barry, Jr., Peter A. Axelrod, New York City, of counsel), for appellee.

Before MANSFIELD, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

The plaintiffs in this case are relatives of an individual who died in an air crash in Poland on March 14, 1980. The defendant, LOT Polish Airlines, moved for dismissal, alleging lack of subject matter jurisdiction under Article 28 of the Warsaw Convention, 49 U.S.C. § 1502. note. The United States District Court for the Eastern District of New York, Charles P. Sifton, Judge, granted the motion. The plaintiffs argue on appeal that the decision in *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798 (2d Cir.1971), which held that Article 28 was jurisdictional in nature, is ripe for reconsideration. While we are aware of the hardship such an interpretation of Article 28 is claimed to cause some plaintiffs, we decline the invitation to reconsider *Smith* and affirm the district court's decision for reasons which we set forth below.

Article 28 of the Warsaw Convention states that

An action for damages must be brought ... in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or [the] place of business through which the contract has been made, or before the court at the place of destination.

*Smith* held that Article 28 imposed limits on the power of the federal courts to "entertain litigation involving international airline transportation." 452 F.2d at 800. The Convention's force derives from "its status as a treaty made under the authority of the United States ... equal in stature and force to the domestic laws of the United States," *id.* at 801, and we are not at liberty to disregard its provisions merely because its operation denies some plaintiffs a particular forum. Because Article 28 speaks to subject matter jurisdiction, it operates as an absolute bar to federal jurisdiction in cases falling outside its terms, *see Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

The plaintiffs place "particular emphasis" on the passage of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 (1976), arguing that this legislation is a more recent expression of congressional intent that somehow effects an implied repeal of the jurisdictional limitations of Article 28. This argument must be rejected. While abrogation or modification of a treaty by superseding legislation presents political questions with which courts may not involve themselves, *see Franklin Mint Corp. v. Trans World Airlines, Inc.*, 690 F.2d 303 (2d Cir.1982); *Diggs v. Shultz*, 470 F.2d 461, 465–66 (D.C.Cir.1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973), the Foreign Sovereign Immunities Act is by its very terms "[s]ubject to existing international agreements to which the United States is a party ...." 28 U.S.C. § 1604. And the legislative history supports the proposition that if an international agreement—bilateral air transport agreements are specifically mentioned—conflicts with the Act, the international agreement is controlling. *See* H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 17–18, *reprinted in* 1976 U.S.Code Cong. & Ad.News 6604, 6616.

Plaintiffs also argue that it is somehow significant that their decedent's itinerary involved a stop in New York. But the plaintiffs concede in their brief that Poland, and not New York, was the "destination and the *situs* of the contract of carriage." Such a concession of course is consistent with those decisions holding that for Article 28 purposes it is the "ultimate" destination listed in the contract for carriage that controls. *See, e.g., Butz v. British Airways*, 421 F.Supp. 127 (E.D.Pa.1976), *aff'd without opinion*, 566 F.2d 1168 (3d Cir.1977). The plaintiffs' remaining arguments are without merit.

Judgment affirmed.