June HURLEY, Plaintiff,

v.

KLM ROYAL DUTCH AIRLINES, and Does I–XX, inclusive, Defendants.

No. CV82–6258–RMT(Kx).

United States District Court,
C.D. California,
Civil Division.

April 11, 1983.

William J. McCracken, Mark S. Cornwall, Santa Barbara, Cal., for plaintiff.

Roderick D. Margo, Condon & Forsyth, Los Angeles, Cal., for defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

TAKASUGI, District Judge.

This matter came before this court for hearing on March 28, 1983 on defendant KLM Royal Dutch Airlines' motion to dismiss or for summary judgment.

Plaintiff purchased a round trip airline ticket which provided for carriage from Jeddah, Saudi Arabia ("Jeddah") to Santa Barbara, California ("California") and back to Jeddah via stops in Amsterdam and Los Angeles. Said ticket is attached as Exhibit A. The injury alleged by plaintiff occurred after her departure from Jeddah and while enroute from Amsterdam to Los Angeles on KLM Flight No. 601. Defendant KLM

Royal Dutch Airlines has filed the instant motion to dismiss or for summary judgment contending that this court is without jurisdiction over the instant matter. The parties agree that Article 28(1) of the Convention for Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention"), 49 Stat. 3000, controls the resolution of the instant motion. Article 28(1) provides that:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court *at the place of destination.* (Emphasis added.)

The instant issue centers on the interpretation of the phrase "place of destination" contained in Article 28(1) and left undefined by the Warsaw Convention. Defendant contends that for purposes of Article 28(1), said phrase should be interpreted as referring to the ultimate or final destination indicated on a particular airline ticket. Thus, under defendant's interpretation, where a round trip airline ticket is purchased the place of destination will always be the point of origin.

In the absence of controlling case law in the Ninth Circuit, this court adopts a common sense interpretation and understanding of the term "destination." This court concludes that in the context of a round trip airline ticket, at least two places of destination exist. The determination of whether a particular stop constitutes a place of destination is to be determined on a case to case basis taking into account such factors as the passenger's intent, the nature of the stop and the length of the stop. *Cf. Aanestad v. Air Canada, Inc.,* 390 F.Supp. 1165, 1168 (C.D.Cal.1975) (place of destination as used in the Warsaw Convention describes at least two places of destination).

Defendant cites and this court is cognizant of a line of cases arising out of the Second and Third Circuits which adopt the interpretation advanced by defendant. *E.g., Butz v. British Airways,* 421 F.Supp. 127 (E.D.Pa.1976). The apparent rationale underlying these courts' adoption of the "ultimate destination" interpretation seems to be the promotion of "uniformity with respect to a single ticket." *Id.* at 131. However, this court is unconvinced that the rejection of defendant's interpretation will result in the international chaos which defendant envisions. Moreover, defendant has failed to present any evidence that the other contracting countries to the Warsaw Convention have adopted the "ultimate destination" interpretation advanced by defendant. Finally, in light of the current marketing schemes utilized by airlines in promoting and selling round trip tickets, this court concludes that it would be unrealistic and impractical to adopt the mechanical and inflexible interpretation advanced by defendant. Therefore, this court respectfully declines to adopt the Second and Third Circuits' interpretation of "place of destination."

The following facts have been unrebutted by defendant: (1) plaintiff is a citizen of California and maintains a permanent residence in California; (2) plaintiff traveled to California in order to be examined by and to consult with her personal physician who resides in California; (3) at the time of her departure from Jeddah, plaintiff was unsure whether she would return to Jeddah or remain permanently in California; and, (4) the portion of the airline ticket which provides for plaintiff's return to Jeddah was left completely open as to the carrier, flight number, date of flight and time of flight.

This court concludes that California constitutes a place of destination for purposes of jurisdiction under Article 28(1). Accordingly,

IT IS ORDERED that defendant's motion to dismiss or for summary judgment is denied.