## In re AIR CRASH DISASTER AT MALAGA, SPAIN ON SEPTEMBER 13, 1982.

This Order Relates to:

Lazcano, 83 C 1264, Araque 83 C 1468.

Nos. 83 C 1264, 83 C 1468. MDL 530.

United States District Court,
E.D. New York.

Jan. 30, 1984.

Speiser & Krause, P.C., New York City (Frank H. Granito, Jr., New York City, of counsel), for Lazcano's heirs.

Mel Sachs, New York City, for plaintiff Araque.

Condon & Forsyth, New York City (Michael J. Holland, New York City, of counsel), for defendant Spantax, S.A.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant Spantax, S.A. (Spantax) moves to dismiss the Lazcano and Araque complaints for lack of subject matter jurisdiction under Article 28 of the Warsaw Convention, which all parties agree governs.

Article 28(1) sets forth four places only where suit may be brought. *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798, 800 (2d Cir.1971). They are the domicile of the carrier, its principal place of business, its place of business through which the contract has been made, and the place of destination. Plaintiffs concede that Spantax's domicile and principal place of business and the places of contracting are in Spain. This dispute is over the definition of "place of destination."

Spantax claims that both Lazcano and Araque entered into contracts for carriage for travel from Spain to New York and back to Spain, and that, although the airplane crashed on its take-off for New York, the "ultimate destination" was Spain. Spantax has submitted copies of the tickets purchased showing Madrid, Spain to be the final destination.

Lazcano's heirs argue that Spantax issued to him not a round-trip ticket but two separate one-way tickets, one for the flight of Madrid to Malaga to New York, the other for New York to Madrid. He was traveling from Malaga to New York when the crash occurred. Plaintiffs also argue that the "planned destination" of the ill-fated flight is sufficient to give jurisdiction.

Spantax says that Lazcano received two tickets rather than a single round-trip ticket because its clerk had in his possession "passenger ticket and baggage checks … with only two passenger coupons," Pascual affidavit ¶ 4, an insufficient number for the series of flights. Plaintiffs object to any reliance on the affidavit calling its recital of a direction given Pascual by the president of Spantax hearsay, and its recounting of the transaction with the decedent incompetent under New York's Dead Man Statute, N.Y.Civ.Prac.Law § 4519.

Araque asserts that, regardless of what her ticket read, she purchased only a one-way ticket from Madrid to New York. Her affidavit states that she lives in New York, took a vacation in Spain from June to September, and had no intention of returning to Madrid. She paid approximately $200 for her return flight to New York, presumably the price of a one-way ticket.

The Second Circuit has stated that "for Article 28 purposes it is the 'ultimate' destination listed in the contract for carriage that controls." *Gayda v. LOT Polish Airlines*, 702 F.2d 424, 425 (2d Cir.1983). In that case, the decedent's passenger ticket was for a Poland to New York to Poland trip, and plaintiffs conceded that Poland was the destination of the contract of carriage. In determining that the stop in New York was not significant, the Court of Appeals cited *Butz v. British Airways*, 421 F.Supp. 127 (E.D.Pa.1976), *aff'd without opinion*, 566 F.2d 1168 (3d Cir.1977), which noted that the Article 28 "place of destination" in a trip consisting of several parts is the ultimate destination. *Id.* at 130. In that case, plaintiff had purchased a round-trip ticket, London to New York to London; the court held that, although he was injured as the airplane landed in New York, London was the place of destination.

Although the courts appear not to have addressed the issue, there is no reason why

the simultaneous issuance of two separate tickets rather than one round-trip ticket should make a difference. As in the *Gayda* case, *supra*, New York was to be only a stopping point before Lazcano's clearly-intended return to Spain. Plaintiffs do not dispute that Lazcano bought the tickets at the same time and place. Indeed, they are consecutively numbered from Spantax stock. Nor do plaintiffs dispute that the contract for carriage was made in a single transaction for travel from Spain to New York and back to Spain, with the stop in New York for only a few days. As the Court of Appeals stated in the *Gayda* case, it is the ultimate destination listed in the contract for carriage that governs. The contract of carriage can consist of more than one piece of paper.

Pascual's explanation as to why he issued two tickets is plausible in light of the additional stopover in Malaga, but there is no need to consider whether the reasons he gave for the fact that he issued two rather than one are accurate.

Araque's situation is different. The facts she presents in her affidavit indicate that New York and not Spain was her intended ultimate destination. It is true that the ticket shows a trip of Madrid-New York-Madrid. However, she claims that she did not notice what the ticket read when she bought it and does not know why Madrid was inserted as the final leg. The court does not consider that the *Gayda* decision precludes either the passenger or the carrier from showing that certain terms in the purported contract of carriage arose from a mutual mistake.

Spantax's motion is granted as to the Lazcano complaint and denied as to the Araque complaint. So ordered.