**In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.**

**MDL No. 565.**
**Misc. No. 83–0345.**
**Civ. A. Nos. 84–2678, 85–3444.**

United States District Court,
District of Columbia.

Nov. 26, 1986.

Juanita M. Madole, Speiser, Krause & Madole, Washington, D.C., for plaintiff.

Desmond T. Barry, Jr. and George N. Tompkins, Jr., Condon & Forsyth, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

This matter comes before the Court on Defendant KAL's Supplement to Motion for Entry of Orders of Dismissal. This case is one of those pending in this Court resulting from the shootdown by the Soviets of KAL Flight 007 in 1983. On July 25, 1985, this Court dismissed three actions for lack of subject matter jurisdiction because the United States was not a proper location for the suits under the terms of the Warsaw Convention.[1] Since that time, 28 additional actions have fallen within the scope of that Order and have been dismissed. Defendant argues that this case is no different than the others in that the United States does not qualify as any of the four potential jurisdictions for this suit as enumerated by the Warsaw Convention.[2]

In opposition to KAL's Motion, Plaintiffs contend that the facts of this case distinguish it from those that have previously been dismissed arguing that this Court has subject matter jurisdiction because the United States was decedent's destination on the ill-fated flight.

The facts of this case are uncomplicated. Stanley Dorman lived and worked in New York. His employer, Banff Ltd., purchased a ticket for him aboard Korean Airlines to travel on business to the Orient. According to Plaintiff, Dorman was to leave from New York, make intermediate stops in Seoul, Taipei and Hong Kong, and then return to New York. If Dorman's passenger ticket reflected this itinerary, Plaintiff's suit would fall clearly with the provisions of the Warsaw convention as being brought at the place of the passenger's destination. Unfortunately for Dorman, Banff purchased his ticket from a travel agent in Montreal, Canada to take advantage of lower fares to the Orient from Montreal than from the United States. For this reason, his ticket reflects a round-trip flight beginning and ending in Montreal with intermediate stops in New York, Seoul, Taipei and Hong Kong.

It is undisputed that Dorman did not use the first segment of his ticket; the ticket was mailed to New York from where he departed. Affidavits from his widow and employer indicate that he did not intend to use the last segment of the ticket either. Apparently he had made four previous trips to the Orient that had been ticketed in the same fashion and he had never used the New York to Montreal or Montreal to New York segments of the tickets.

■ Plaintiffs make two arguments that Dorman's destination was the United States for the purposes of subject matter jurisdiction under the Warsaw Convention. The first is that this Court should look beyond the ticket in determining a passenger's destination to take into account his intent and expectations. Under this analysis, Plaintiffs argue that the aforementioned affidavits, together with Dorman's history of travel to the Orient on similar tickets without stops in Montreal justifies a finding that New York was his destination.

Plaintiffs seem to recognize the inherent flaw in this argument. Although they contend that "American courts have long acknowledged that the proper construction of 'place of destination' may depend upon the expressed, or otherwise known, intent of the *parties,*" Plaintiffs' Memorandum of

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 1502 note (1976).

**2.** The Treaty provides that:
An action for damages must be brought, at the option of the Plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.
In this case, only the destination of the passenger is at issue.

Law in Opposition to KAL's Motion 6–7, (emphasis added), they fail to explain how this case falls within that statement of the law. There can be no plausible argument that KAL was aware of Dorman's intentions. His ticket was clearly valid for passage between Montreal and New York had he chosen to use it. No one at KAL was informed of Dorman's plans to travel to and from New York. For this reason, not one of the cases on which Plaintiffs rely can be stretched to encompass the situation presented here. In all of them it was the unwritten but mutual intention of the passenger and the airline on which the court relied to look beyond the ticket to determine destination. Without this mutuality, the destination set forth on the ticket must control. In this case that destination is Montreal.

■ Plaintiffs' second argument originates in the fact that this action was initially filed in the United States District Court for the Central District of California and then transferred to this Court under the provisions of 28 U.S.C. § 1407. Plaintiffs, citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), contend that in this situation, this Court must apply the substantive law of the transferor court. Defendant argues to the contrary that *Van Dusen* applies only to questions regarding the applicability of state law in diversity cases. This Court holds that plaintiffs' is the sounder view. *See, In Re Air Crash Disaster at Boston, Massachusetts on July 31, 1973*, 399 F.Supp. 1106 (D.Mass.1975); *Jayne v. Royal Jordanian Airlines Corp.*, 502 F.Supp. 848, 851 (S.D.N.Y.1980); *In Re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594 (7th Cir.), *cert. denied, sub. nom. Lin v. American Airlines*, 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981); *Sentner v. Amtrak*, 540 F.Supp. 557, 559 (D.N.J.1982).

Once the decision is made to apply the law of the transferor court, it is necessary to ascertain what that law is. The Ninth Circuit has never addressed the issue of what locations may be considered destinations for the purpose of determining subject matter jurisdiction under the Warsaw Convention. Only in one case in the Central District of California was this matter discussed.[3] *See, Aanestad v. Air Canada*, 382 F.Supp. 550 (C.D.Cal.1974); *Aanestad v. Air Canada*, 390 F.Supp. 1165 (C.D.Cal. 1975). In *Aanestad* the Court, contrary to the holding of every other court in the United States, held that a round trip flight may have more than one place of destination.

■ The opinions in *Aanestad* do not control the decision in this case for two reasons. In the first place, those actions involved facts very different from those presented in the case *sub judice*. The opinion in the first *Aanestad* case rested heavily on the Court's belief that separate tickets were issued for each leg of a round trip flight. *See Aanestad*, 382 F.Supp. 550, 555 (C.D.Cal.1974) ("Surely with a *separate* ticket issued to each from Montreal to Los Angeles, Los Angeles was the 'point of destination' not only of *that* flight but both the ticket holders.") (emphasis in original). In the second *Aanestad* opinion, in which it was discovered that the passenger had been given one ticket for her round trip between Montreal and the United States with the return leg of the flight left open, the court's finding that the United States was a destination was based on an analysis of the option in contract law. *See Aanestad*, 390 F.Supp. 1165, 1167–8 (C.D.Cal. 1975). Additionally, in both cases, the place the court determined to be a destination of the flight was the mid-point of a round trip and not an intermediate stop on the way to that point or on the way back to the place of origin of the flight. These factual distinctions make it difficult to determine how a court in the Central District of California would judge the situation currently before this Court.

Secondly, even if these cases were directly on point, as opinions of one Judge of a

3. The Court addressed the definition of destination in *Hurley v. KLM Royal Dutch Airlines*, 562 F.Supp. 260 (C.D.Cal.1983), *vacated*, 602 F.Supp. 1249 (C.D.Cal.1985), but because this case was vacated without opinion, it is of no precedential value.

United States District Court, they are not controlling law even in the Central District of California. *See, Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457, n. 13 (9th Cir.1977) ("The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another. '... Thus a decision of one district court is not binding upon a different district court.'" (citing 1B *Moore's Federal Practice* ¶ 0.402[1], p. 61 (2d ed. 1947)). *See also, Farley v. Farley*, 481 F.2d 1009, 1012 (3rd Cir.1973); *Jensen v. Conrad*, 570 F.Supp. 91, 106 (D.S.C.1983) ("a District Court decision which has not stood the acid test of appellate review cannot be regarded as authoritative, much less dispositive ...") (quoting *Bank of Marin v. England*, 352 F.2d 186, 189, n. 1 (9th Cir.1965), *reversed on other grounds*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966)); *E.E.O.C. v. Pan American World Airways*, 576 F.Supp. 1530, 1535 (S.D.N.Y.1984). Although this Court cannot ignore the *Aanestad* decisions in its determination of how the Central District of California would decide this matter, it must also give substantial weight to the "cogent reasoning of the best and most wide-spread authority," just as a court in the Central District of California would. *Keene Corp. v. Insurance Co. of North America*, 597 F.Supp. 946, 949 (D.D.C.1985). It is this Court's opinion after a detailed study of the case law in this area during the past decade since the decisions in *Aanestad* were rendered, that the Central District of California would not find subject matter jurisdiction in the United States in this case.

An appropriate Order accompanies this Memorandum.

### ORDER

Upon consideration of the Supplement to Motion of Defendant Korean Air Lines Co., Ltd. for Entry of Orders of Dismissal, Plaintiff's Opposition thereto and the entire record in this matter, it is by the Court this 26th day of November, 1986,

ORDERED, that Defendant's Motion is GRANTED with regard to Passenger Stanley Dorman; and it is

FURTHER ORDERED, that this action is DISMISSED.