Adekumle **ADESINA**, Plaintiff,

v.

**SWISSAIR**, Defendant.

No. 86 C 3594.

United States District Court,
E.D. New York.

Dec. 12, 1986.

998

Adekumle Adesina, pro se.

Condon & Forsyth (Michael J. Holland, of counsel), New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff commenced this action *pro se* in the Civil Court of the City of New York, Small Claims Part, Kings County, on October 2, 1986, seeking $1282.00 as the value for luggage allegedly lost by defendant. Defendant then filed a petition for removal pursuant to 28 U.S.C. § 1441(b), asserting that this court has original jurisdiction over plaintiff's claim on the alleged ground that it arises under a treaty of the United States, namely, the Warsaw Convention. Defendant has now moved to dismiss the complaint, contending that there is no subject matter jurisdiction pursuant to Article 28 of the Warsaw Convention.

■ Under section 1441(b), a party may remove an action only if it might have been brought here originally. *See, e.g., Cuomo v. Long Island Lighting Co.,* 589 F.Supp. 1387, 1391 (E.D.N.Y.1984).

■ Article 28(1) of the Warsaw Convention, *reprinted in* 49 U.S.C.A. § 1502 note (1976), recites four forums as the only places in which a plaintiff may bring suit. In this case the United States is not one of them. *Cf. Petrire v. Spantax, S.A.,* 756 F.2d 263 (2d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985). This article of the Convention is not a venue provision, but rather a treaty jurisdictional requirement, addressing "whether suit may be brought at all in the courts of the United States." *See Benjamins v. British European Airways,* 572 F.2d 913, 915 n. 5 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Smith v. Canadian Pacific Airways, Ltd.,* 452 F.2d 798, 800–02 & n. 3 (2d Cir.1971). "If treaty jurisdiction under [Article 28 of] the [Warsaw] Convention does not lie, federal jurisdiction under 28 U.S.C. § 1331(a), which permits cases *arising under* United States treaties, clearly cannot be established." *Smith, supra,* 452 F.2d at 802.

Thus if this court has no jurisdiction under the treaty, there is no basis for claiming the case "arises" under a treaty and thus no basis for removal. Defendant should have moved to dismiss in the state court.

■ Although defendant served both plaintiff and the Kings County small claims court with a copy of its removal petition, plaintiff nonetheless appeared in small claims court on the assigned date of November 3, 1986 and received entry of a default judgment in the amount of

$1,346.89. This was error. Once a removal petition is filed the state court is obligated to stay any further proceedings "unless and until the case is remanded." 28 U.S.C. § 1446(e).

Defendant's petition for removal is dismissed and the case is remanded to the Civil Court of the City of New York, Small Claims Part, Kings County. The default judgment entered on November 3, 1986 in the amount of $1,346.89 is hereby vacated.

It is not clear whether plaintiff, who is *pro se* and has not filed any papers here, has incurred costs or disbursements other than showing up unnecessarily for the November 3rd court date. Defendant apparently gave plaintiff notice by mailgram that he did not have to appear in small claims court on that date. The court nonetheless awards plaintiff $50.00 for time spent as a result of defendant's improper removal of the action. *Cf. Phillips v. Kapp,* 87 F.R.D. 548, 550 (S.D.N.Y.1980).

The Clerk is directed to mail a certified copy of this order to the parties and to the Clerk of the Civil Court of the City of New York, Small Claims Part, Kings County.

So ordered.