Jose Sulaiman CHAGNON, Plaintiff,

v.

JAPAN AIR LINES, Douglas Aircraft Company, a division of McDonnell Douglas Corporation, a corporation, and Does 1 through 100, inclusive, Defendants.

No. CV 86–7612–ER(Bx).

United States District Court,
C.D. California.

March 31, 1987.

Mark E. Augustine, Wayne E. Hinson, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, Cal., for plaintiff.

Rod D. Margo, Condon & Forsyth, Los Angeles, Cal., for defendants.

## ORDER REMANDING CASE TO STATE COURT

RAFEEDIE, District Judge.

Plaintiff Jose Sulaiman Chagnon filed this action in state court on November 21, 1984 seeking damages for injuries he sustained as an airplane passenger arising out of an aborted takeoff of a Japan Air Lines ("JAL") flight from Bangkok, Thailand to Tokyo, Japan on November 30, 1983. Service of the summons and complaint was made on JAL on October 31, 1986. Defendant then filed a petition for removal on November 21, 1986 pursuant to 28 U.S.C. § 1441(b) asserting that this Court had original jurisdiction over plaintiff's claim in that the action arose under a treaty of the United States, namely, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934) (current version at 49 U.S.C. App. § 1502 note (1982)) (hereinafter the "Warsaw Convention").

The Warsaw Convention is a treaty adhered to by the United States, and is therefore the supreme law of the land. *E.g.*, *Air France v. Saks*, 470 U.S. 392, 406, 105 S.Ct. 1338, 1346, 84 L.Ed.2d 289 (1985). The Warsaw Convention applies to all "international transportation" of persons, baggage, or goods performed for hire. Warsaw Convention Art. 1(1).

"International transportation" is defined at Article 1(2) of the Warsaw Convention as:

[A]ny transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

Plaintiff's travel on JAL fits within this definition of intentional transportation.

Plaintiff commenced his voyage from Mexico on November 20, 1983 and was to return to Mexico on November 30, 1983 with stopping places in Dallas, San Juan, New York, London, Hong Kong, Bangkok, Tokyo, Los Angeles, and Dallas. On November 30, 1983 plaintiff was to travel from Bangkok, Thailand to Mexico with stops in Tokyo, Los Angeles, and Dallas. The aborted takeoff which gave rise to this litigation occurred on the November 30 flight from Bangkok to Tokyo.

Given this itinerary, it is clear that plaintiff's transportation was within the territory of a single High Contracting Party (Mexico) with agreed stopping places in the United States, England, Hong Kong, Thailand, and Japan, and that plaintiff's travel falls within "international transportation" and is governed by the Warsaw Convention. *See, e.g., Petrire v. Spantax S.A.,* 756 F.2d 263 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985); *Gayda v. Lot Polish Airlines,* 702 F.2d 424 (2d Cir.1983); *Vergara v. Aeroflot "Soviet Airlines",* 390 F.Supp. 1266 (D.Neb. 1975).

The mere fact that plaintiff's action is governed by the Warsaw Convention, however, does not mean that defendant's petition for removal was proper. Under Article 28(1) of the Warsaw Convention a plaintiff may only bring an action in the following four forums:

(i) The carrier's domicile;

(ii) The carrier's principal place of business;

(iii) The carrier's place of business through which the contract for transportation was made; or

(iv) The place of destination.

Article 28(1) is a jurisdictional requirement and "operates as an absolute bar to federal jurisdiction in cases falling outside its terms." *Gayda,* 702 F.2d at 425. "If treaty jurisdiction under the [Warsaw] Convention does not lie, federal jurisdiction under 28 U.S.C. § 1331(a), which permits cases *arising under* United States treaties, clearly cannot be established." *Smith v. Canadian Pac. Airways, Ltd.,* 452 F.2d 798, 802 (2d Cir.1971) (emphasis in text).

JAL's domicile and principal place of business are Japan, the ticket was purchased by plaintiff in Mexico, and plaintiff's destination was Mexico. Consequently, plaintiff could not bring this action in the United States pursuant to Article 28(1). Because treaty jurisdiction over this action in the United States does not lie, there is no basis to claim that this action "arises under" a treaty of the United States, there is no federal jurisdiction over this action, and therefore the petition for removal was improper.

The Court notes that an identical result was recently reached by Judge Nickerson in a similar situation in a case where the petitioner was represented by Condon & Forsyth—the same law firm representing petitioner in this action. *Adesina v. Swissair,* 648 F.Supp. 997 (E.D.N.Y.1986). Although neither party cited *Adesina,* this Court is persuaded that that case was properly decided and that this case was improperly removed without jurisdiction.

This action is remanded to the state court under 28 U.S.C. § 1447(c) in that it was improvidently removed without jurisdiction.

IT IS SO ORDERED.