MEMORANDUM AND ORDER
 

 NICKERSON, District Judge.
 

 This litigation arises from the May 9, 1987 crash of a LOT Polish Airlines (LOT) aircraft shortly after takeoff from Warsaw, Poland enroute to Kennedy International Airport in New York, in which crash 183 persons died. Defendant LOT moves to dismiss the Pogorzelska and Kiela complaints for lack of subject matter jurisdiction under Article 28 of the Warsaw Convention, which all parties agree governs.
 

 Article 28(1) sets forth four places only where suit may be brought.
 
 Gayda v. LOT Polish Airlines,
 
 702 F.2d 424, 425 (2d Cir.1983);
 
 Smith v. Canadian Pacific Airways, Ltd.,
 
 452 F.2d 798, 800 (2d Cir.1971). They are the domicile of the carrier, its principal place of business, its place of business through which the contract has been made, and the place of destination. Plaintiffs concede that LOT’S domicile and principle place of business and the places of business through which the tickets were purchased are in Poland. This dispute is over the definition of “place of destination.”
 

 LOT claims that both Pogorzelska’s decedent, Alexander Pogorzelski, and Kiela’s decedent, Michalina Rycerz, entered into contracts for carriage for travel from Warsaw, Poland to New York and back to Warsaw, and that, although the airplane crashed on its take-off for New York, the “ultimate destination” of each was Warsaw. LOT has submitted copies of the tickets purchased showing Warsaw, Poland to be the final destination.
 

 Plaintiffs argue that although LOT issued roundtrip tickets to the decedents, both permanent residents of the United States, showing Warsaw as the final destination, both passengers’ “place of destination” was New York. Both plaintiffs allege that the decedents intended to purchase only one-way tickets from Warsaw to the United States, where they lived, but, as Polish citizens, were required by the Polish government to purchase round-trip tickets.
 

 Plaintiff Kiela, daughter of decedent Ry-cerz, maintains that her mother travelled from New York to Warsaw on a one-way cruise in order to visit her son and his family in Poland. Plaintiff Pogorzelska, wife of decedent Pogorzelski, argues that her husband was in Poland only to be with his ill brother. Both maintain that New York was their intended final destination regardless of what appeared on the face of the ticket issued to them.
 

 The Second Circuit has stated that “for Article 28 purposes it is the ‘ultimate’ destination listed in the contract for carriage that controls.”
 
 Gayda, supra
 
 at 425. In that case, the decedent’s passenger ticket was for a Poland to New York to Poland trip, and plaintiffs conceded that Poland
 

 
 *652
 
 was the destination of the contract of carriage. In determining that the stop in New York was not significant, the Court of Appeals cited
 
 Butz v. British Airways,
 
 421 F.Supp. 127 (E.D.Pa.1976),
 
 affd without opinión,
 
 566 F.2d 1168 (3d Cir.1977), which noted that the Article 28 “place of destination” in a trip consisting of several parts is the ultimate destination.
 
 Id.
 
 at 130. In the
 
 Butz
 
 case, plaintiff had purchased a round-trip ticket, London to New York to London; the court held that, although he was injured as the airplane landed in New York, London was the place of destination.
 

 In
 
 In re Air Crash Disaster at Malaga, Spain,
 
 577 F.Supp. 1013 (E.D.N.Y.1984), however, this court held that the
 
 Gayda
 
 decision did not require that the destination listed in the carriage contract determine in all cases the “place of destination” for .Article 28 purposes in all cases. In that case, one of the plaintiffs’ decedents, Araque, purchased a ticket which listed a trip from Madrid to New York and back to Madrid. Plaintiff argued that regardless of what the ticket stated, Araque intended to buy only a one-way ticket from Madrid to New York and did not know that the ticket she actually received contained a return segment.
 

 In denying defendant’s motion to dismiss Araque’s complaint for lack of subject matter jurisdiction under Article 28 of the Warsaw Convention, the court noted that plaintiff’s intended ultimate destination was New York and not Spain. The court concluded that it did not “consider that the
 
 Gayda
 
 decision precludes either the passenger or the carrier from showing that certain terms in the purported contract of carriage arose from a mutual mistake.”
 
 Id.
 
 at 1014.
 

 Plaintiffs in this case argue that because decedents intended to purchase only one-way tickets from Warsaw to New York, and purchased round-trip tickets only because they were required to do so under Polish government regulations, there was no mutual consent to round-trip transportation. They maintain that only transportation between Warsaw and New York was agreed upon by both decedents and LOT and that New York is therefore the appropriate “place of destination” under the Warsaw Convention.
 

 The court agrees. In order for a flight to come within the scope of the Warsaw Convention, the carrier must have agreed to carry the passenger, and “both the carrier and the passenger must have consented to the particular route.”
 
 Block v. Compagnie Nationale Air France,
 
 386 F.2d 323, 334 (5th Cir.1967).
 
 See also Boyar v. Korean Air Lines,
 
 664 F.Supp. 1481 (D.D.C.1987). Taking plaintiffs’ allegations as true for purposes of the motion to dismiss, the court decides that decedents considered New York to be their final destination and did not agree that it was only a “stopping place” as LOT contends.
 

 The court concludes that New York was decedents’ “place of destination” and that subject matter jurisdiction is therefore proper. LOT’s motion to dismiss the Po-gorzelska and Kiela complaints is denied. So ordered.