In re AIR CRASH DISASTER NEAR WARSAW, POLAND, ON MAY 9, 1987.

THIS ORDER RELATES TO:

Pogorzelska 88 C 0678,
Kiela 88 C 1190.

No. MDL 787.

United States District Court,
E.D. New York.

March 13, 1991.

Kreindler & Kreindler (Milton G. Sincoff and Lori B. Lasson, of counsel), New York City, for plaintiffs.

Condon & Forsyth (Desmond T. Barry, Jr. and Christopher Carlsen, of counsel), New York City, for defendant LOT Polish Airlines.

Wolf Popper Ross Wolf & Jones (Michael P. Fuchs and John Mage, of counsel), New York City, for defendant Union of Soviet Socialist Republics.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

This litigation arises out of the May 9, 1987 crash of a LOT Polish Airlines (LOT) aircraft. Defendant LOT renews its motion to dismiss the Pogorzelska and Kiela complaints, brought by the representatives of two victims killed in the crash. The court denied the previous motion in a Memorandum and Order dated March 6, 1989, *In re Air Crash Disaster Near Warsaw, Poland*, 707 F.Supp. 650 (E.D.N.Y.1989), familiarity with which is assumed.

Defendant asserts that this court lacks subject matter jurisdiction under Article 28(1) of the Warsaw Convention ("Convention"). That Article establishes that the four places where suit may be brought are the domicile of the carrier, its principal place of business, its place of business through which the contract has been made, and the place of destination.

In its previous decision, in considering what the "destination" of the passengers was, this court assumed for purposes of the motion that they were compelled by Polish law to buy roundtrip tickets from Warsaw to New York, although they

wished to travel only to New York. *Id.* at 652. The court reasoned that in light of this coercion the decedents could not be said to have consented to the return trip to Warsaw, and that therefore the decedents' "ultimate destination" for purposes of jurisdiction under the Convention was New York. *Id.*

In renewing the motion, defendant LOT submits evidence showing that the Polish law requiring the purchase of roundtrip tickets to the United States did not apply to the decedents because both were permanent residents of the United States. LOT contends that the parties to the contract freely consented to the return leg of the journey, and that therefore the ultimate destination for purposes of the Convention was Warsaw.

## I.

In *Gayda v. LOT Polish Airlines*, 702 F.2d 424 (2d Cir.1983), the court held that "[b]ecause Article 28 speaks to subject matter jurisdiction, it operates as an absolute bar to federal jurisdiction in cases falling outside its terms." *Id.*

The Court of Appeals for the Second Circuit has interpreted the "place of destination" clause of Article 28(1) to mean a passenger's ultimate destination and not the destination of each leg of his journey. *Id.* In later cases, the court declined to create exceptions to this rule. *Petrire v. Spantax, S.A.*, 756 F.2d 263 (2d Cir.) (purchase of separate one-way tickets at same time is equivalent to roundtrip ticket for purposes of determining destination), *cert. denied*, 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985); *In re Alleged Food Poisoning Incident, March 4, 1984*, 770 F.2d 3 (2d Cir.1985) (flight involving several air carriers is equivalent to flight on single carrier for purposes of determining destination).

In none of these cases did the Second Circuit have to consider whether a passenger's "ultimate destination" could be other than that listed on his ticket. In each instance the parties conceded that the traveller intended to use the return ticket.

But these opinions contain dicta suggesting that a passenger's ultimate destination is to be determined by looking at the contract between the passenger and the airline. *Gayda* at 425 ("it is the 'ultimate' destination listed in the contract that controls"); *Petrire* at 265 ("There is no doubt that a 'destination' is to be determined from the contract for transportation"); *cf. Food Poisoning* at 5 ("the 'destination' of a journey for Convention purposes is determined by reference to the intent of the parties").

Looking at the destination listed on the contract is a sensible rule of evidence to determine the passenger's intended destination. But some decisions have adopted the dicta of the Second Circuit and held that the destination listed on the contract and not the actual intent of the passenger governs, absent a showing that the parties mutually agreed to a different destination.

For example, in *In re Korean Air Lines Disaster of Sept. 1, 1983*, 664 F.Supp. 1478 (D.D.C.1986), the intentions of the parties as to destination were different. The plaintiff contended that although the decedent had a roundtrip ticket from Montreal to Hong Kong with intermediate stops in New York, Seoul, and Taipei, he intended to use only that portion of the ticket originating and ending in New York. *Id.* at 1479. The court concluded that his ultimate destination was Montreal, stating that "[n]o one at KAL was informed of [decedent] Dorman's plans to travel to and from New York" and that without "mutuality, the destination set forth on the ticket must control." *Id.* at 1480.

In *In re Air Crash Disaster at Malaga, Spain on September 13, 1982*, 577 F.Supp. 1013 (E.D.N.Y.1984), this court held that the ultimate destination listed on the ticket was not conclusive where the airline issued the roundtrip ticket by accident. *Id.* at 1015. The court stated that it did "not consider that the *Gayda* decision precludes either the passenger or the carrier from showing that certain terms in the purported contract arose from a mutual mistake." *Id.*

## II.

The only apparent reason to rely on the "mutual" intent of the parties as establish-

ing the passenger's "ultimate destination" is that by so agreeing, the parties make a concession as to subject matter jurisdiction in a particular place should an accident arise. Yet a passenger with no intention of going to the country listed on the final portion of the ticket is not "destined" to go to that country.

■ Generally the parties may not by consent confer subject matter jurisdiction on a court. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Had the parties to the Convention sought to make an exception to this rule they could have so stated.

It is true that the Convention in Article 1(2) defines "international transportation" as any transportation "in which, according to the contract made by the parties, the place of departure and the place of destination" are situated in two different signatory countries. But that Article specifies only when the Convention applies, and does not speak to jurisdiction.

The four places listed in Article 28(1) have meaning independent of the terms of the contract. A traveller and an airline could not, for example, mutually agree that for the purposes of a particular trip, certain of the places listed in Article 28(1) would not apply. *See* Article 32 (contract provisions which infringe Convention rules of jurisdiction null and void). In *Food Poisoning,* the court held that the country of ultimate destination had jurisdiction even though the defendant airline had agreed to provide service only for an intermediate portion of the journey, and "was not contractually obligated to deliver [him] to his ultimate destination." 770 F.2d at 6.

The Convention appears to confer jurisdiction on those countries with a particular interest in the litigation or with a particular competency, because of the location of the parties or the evidence, to decide the matter. Thus an action may be brought by the plaintiff in the country where the carrier is domiciled, where it has its principal place of business, and where the contract was made. Countries have an interest in regulating businesses located within their borders.

The country of the ultimate destination of the passenger is presumably included because that country, where the passenger is likely to have an enduring if not a permanent relationship, has a particular interest in the action. It seems unlikely that the purpose of the Convention was to impose on plaintiffs the hardship of litigating in unfamiliar countries. Airlines have the means at their disposal to ease their own burden of travel.

■ This court therefore holds that the ultimate destination of the passenger is the place where the passenger intended to end up and would have ended up but for the accident. The intention of the passenger alone, and not the mutual intention of the parties as expressed in the contract or otherwise, determines the passenger's "ultimate destination."

It may be argued that such a holding invites litigation and possible fraud. Of course, in an overwhelming majority of cases, the passenger will intend to travel to the ultimate destination listed on the ticket. In fact, there should be a presumption that the ticket indicates that destination. The passenger, or for that matter the airline, will have the burden of showing that the passenger never intended to use his full ticket.

Such an inquiry into the passenger's intention will not materially increase the volume of litigation over that required to resolve claims of mistake, fraud, and coercion where the issue is framed in contract terms.

III.

■ Plaintiffs say that their decedents thought that the Polish law requiring the purchase of roundtrip tickets applied to them in spite of their permanent residency status, and that they would have been afraid to reveal to Polish authorities that they intended to remain in the United States.

Plaintiff Kiela states that her decedent, her mother, lived and worked in the United States and travelled to Poland on a one-way cruise and was returning to the United States to live and resume work. She says

that her mother had done the same thing five years earlier and had sent the unused portion of the ticket back to Poland for reimbursement.

Plaintiff Pogorzelska states that her decedent, her husband, lived and worked in the United States for 20 years before going to Poland to visit his dying brother. During his absence, the decedent maintained bank accounts and filed tax returns in the United States. She says that he was returning to the United States to live permanently and planned to redeem the unused portion of his ticket.

The court is persuaded on the evidence before it that the decedents intended the United States to be their ultimate destination. The court denies LOT's motion. LOT may renew the motion after taking discovery, should it choose to do so, concerning the decedents' intentions.

The court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

So ordered.