Edmund J. SMITH, Plaintiff-Appellee,

v.

CANADIAN PACIFIC AIRWAYS, LTD., Defendant-Appellant.

No. 26, Docket 71-1238.

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1971.

Decided Dec. 6, 1971.

Carroll E. Dubuc, New York City, Haight, Gardner, Poor & Havens, New York City (William J. Junkerman, New York City, of counsel), for defendant-appellant.

Herbert Zelenko, New York City (Abraham E. Freedman and Ned R. Phillips, New York City, of counsel), for plaintiff-appellee.

Before LUMBARD, MANSFIELD and OAKES, Circuit Judges.

OAKES, Circuit Judge:

This appeal relates to the Warsaw Convention, Article 28.[1] Action was commenced in the Southern District of New York by appellee, Edmund J. Smith, a merchant seaman employed aboard American flag vessels operating out of Japan, against appellant, Canadian Pacific Airways, Ltd., a Canadian corporation engaged in the business of transporting passengers by air. Appellee seeks to recover damages for personal injuries allegedly suffered on August 16, 1968, during a flight from Vancouver, British Columbia, Canada, to Tokyo, Japan, on a Canadian Pacific aircraft. The flight ticket was purchased in Vancouver. District Court jurisdiction was alleged under Article 28(1) of the Warsaw Convention [2] and under 28 U.S.C. §§ 1331(a) and 1332(a) (2).

The district court denied appellant's motion to dismiss the complaint for lack of subject matter jurisdiction under Article 28(1) of the Warsaw Convention or, in the alternative, for improper venue under the same provision. Judge Ryan's interlocutory order, which was certified for appeal pursuant to 28 U.S. C. § 1292(b), held that the limitations imposed by Article 28(1) relate to venue only and that venue was properly established in this case, because Canadian Pacific has a place of business within the jurisdiction of this court. We disagree with this view of Article 28(1), and we are compelled to reverse the decision accordingly.

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, adhered to by the United States June 27, 1934, 49 Stat. 3000 et seq., T.S. No. 876 (concluded at Warsaw, Poland, October 12, 1929) [hereinafter this opinion will refer simply to Articles of the Convention or to the Convention]. Both parties agree that the Convention,

which, under Article 1(1) " * * * shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire," governs this case, since Japan, Canada and the United States are all High Contracting Parties within Article 1(2).

2. 49 Stat. 3020.

This case raises fundamental issues regarding the power of American courts [3] to entertain litigation involving international airline transportation. We hold that in a Warsaw Convention case there are two levels of judicial power that must be examined to determine whether suit may be maintained. The first level, on which this opinion turns, is that of jurisdiction in the international or treaty sense under Article 28(1). The second level involves the power of a particular United States court, under federal statutes and practice, to hear a Warsaw Convention case—jurisdiction [4] in the domestic law sense. It is only after jurisdiction in both senses is had that the question of venue is reached and a determination made regarding the appropriateness and convenience for the parties of a particular domestic court.

The language of many previous federal court decisions under the Convention has not treated these levels of judicial power separately; the cases have divided about evenly into decisions that view Article 28(1) as a clause dealing with subject matter jurisdiction and those that characterize it as a venue provision.[5] The treatment has often been somewhat confusing, although usually the results reached may be sustained on our analysis as well.

Article 28(1) of the Convention sets forth four clearly delineated forums as the only places in which suit may be brought. The Article mandates that

An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties [which includes the United States], either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

The language of the Article itself does not refer to jurisdiction, international or domestic, or to venue. Thus, we must look outside the Article to ascertain the intention of the drafters. Of little help to us are the unofficial and contradictory labels put on Article 28 in various reprints of the Convention.[6] Of more, but still incomplete, assistance is the wording of Article 28(2), especially when

---

3. If the Convention allows suit, a plaintiff may pursue his case in a federal or a state court, Congress having never placed Warsaw Convention suits exclusively within the province of federal courts. We naturally view this case from the perspective of a federal court, but the issue involved is whether suit may be brought at all in the courts of the United States, considered collectively.

4. No question of *in personam* jurisdiction was raised in this case, although such jurisdiction is also an important element of the power of a court to decide a case.

5. Cases that have been interpreted as Article 28(1) subject matter jurisdiction decisions include Mertens v. Flying Tiger Line, Inc., 341 F.2d 851 (2d Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965) ; Nudo v. Societe etc. Sabena Belgian World Airlines, 207 F.Supp. 191 (E.D.Pa.1962) ; Martino v. Trans World Airlines, Inc., 1961 U.S. & Can.Av. 651 (N.D.Ill.1961).

Cases that have lent themselves to a venue characterization include Eck v. United Arab Airlines, Inc., 360 F.2d 804 (2d Cir. 1966) ; Pardonnet v. Flying Tiger Line, Inc., 233 F.Supp. 683 (N.D. Ill.1964) ; Spencer v. Northwest Orient Airlines, Inc., 201 F.Supp. 504 (S.D.N.Y. 1962) ; Mason v. British Overseas Airways Corp., 5 Av.Cas. 17,121 (S.D.N.Y. 1956). We recognize the fact that a number of cases in this circuit have been considered, by courts and commentators, as venue decisions.

6. For example, when reprinted as part of the documents of the 1955 Hague Conference on Private Air Law, Article 28(1) was labeled "Jurisdiction and procedure." International Conference on Private Air Law, Vol. II (Documents), at 55 (held at The Hague, Sept. 1955, proceedings published in Montreal, Sept. 1956, by the Int'l Civil Aviation Organization, Document No. 7686—LC/140). The French and British versions in the same Document are not labeled at all. The description "Venue of action" appears in the margin beside Article 28(1) at 49 Stat. 3020. The codification at 49 U.S.C.A. § 1502 (Supp.1971), contains no accompanying label.

considered in the light of Article 32. Article 28(2) provides that "[q]uestions of *procedure* shall be governed by the law of the court to which the case is submitted" (emphasis supplied). Section (2) thus may be read to leave for domestic decision questions regarding the suitability and location of a particular Warsaw Convention case. Article 32 prohibits alteration of the rules "as to jurisdiction," the effect of which is to underscore the mandatory nature of Article 28(1).[7] This reading would support a conclusion that Article 28(1) is jurisdictional in the larger or *treaty* sense.

There has not been unanimity on whether the forums of Article 28(1) refer to nations or to judicial subdivisions within nations. *Compare, e. g.,* Dunning v. Pan American World Airways, Inc., 4 Av.Cas. 17,394 (D.D.C.1954) (judicial subdivision approach), *with* Mertens v. Flying Tiger Line, Inc., 341 F.2d 851 (2d Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965) (national approach). The view that Article 28(1) speaks only on the national plane has nevertheless become the predominant view in the case law[8] and in the commentaries.[9]

Discussions by the delegates who drafted the Warsaw Convention as to the nature of Article 28 do not assist us, since there is no indication that use of the word "jurisdiction" was made in the technical sense with which we are ordinarily concerned.[10] Nowhere in the discussions does a concept so local as venue appear, and we have no indication that the drafters of Article 28 were concerned about, or indeed even familiar with, the American court system and its conceptions of "jurisdiction" and "venue."[11]

We agree, however, that Article 28(1) ". . . must be considered as absolute and mandatory, on the national level, in the jurisdictional sense, and be given [its] proper status as a treaty obligation of our nation without equivocation."[12] The Warsaw Convention, by virtue of its status as a treaty made under the authority of the United States, is the supreme law of the land, equal in stature and force to the domestic laws of the United States. U.S.Const. art. VI. It has been said to be "self-executing," needing no Congressional implementation to make it and its provisions creating a rebuttable pre-

---

7. McKenry, "Judicial Jurisdiction Under the Warsaw Convention," 29 J.Air L. & Com. 205, 217–18 (1963).

8. Pardonnet v. Flying Tiger Line, Inc., 233 F.Supp. 683 (N.D.Ill.1964); Pitman v. Pan American World Airways, Inc., 223 F.Supp. 887 (E.D.Pa.1963); Spencer v. Northwest Orient Airlines, Inc., 201 F. Supp. 504 (S.D.N.Y.1962).

9. Lowenfeld & Mendelsohn, "The United States and the Warsaw Convention," 80 Harv.L.Rev. 497, 523 (1967). Messrs. Lowenfeld and Mendelsohn have been associated with the Office of Legal Adviser, United States Department of State; Mr. Lowenfeld was chairman of the United States delegation to the 1966 International Conference on Private Air Law in Montreal, at which Warsaw Convention revisions were discussed. (Article 28 has not been revised.)

10. Minutes and Documents, Second International Conference on Private Air Law (Warsaw, Poland, October 4–12, 1929), Int'l Civil Aviation Organization Document No. 7838, at 77–79, translated from the French by the author in Calkins, "The Cause of Action Under the Warsaw Convention," 26 J. Air L. & Com. 217, 229–30 (1959). Mr. Calkins was chairman of the United States delegation to the 1955 Conference on Private Air Law at The Hague.

11. McKenry, *supra* note 7, at 229; Robbins "Jurisdiction Under Article 28 of the Warsaw Convention," 9 McGill L.J. 352, 355 (1963); "Article 28 of the Warsaw Convention: A Suggested Analysis," 50 Minn.L.Rev. 697, 704–05 (1966). Article 1(1) applies to "international transportation," which might be said to be the subject matter of an action, of "persons . . . by aircraft for hire."

12. McKenry, *supra* note 7, at 226.

sumption of liability (Art. 17) and limitations thereon (Art. 25) constitutionally enforceable. Pierre v. Eastern Airlines, Inc., 152 F.Supp. 486 (D.N.J. 1957); Noel v. Linea Aeropostal Venezolana, 144 F.Supp. 359 (S.D.N.Y.1956); Indemnity Insurance Co. of North America v. Pan American Airways, Inc., 58 F.Supp. 338, 339 (S.D.N.Y.1944).

■■ We therefore look to the Convention to determine its applicability here. Only if it does apply so as to permit of treaty jurisdiction need we answer domestic jurisdiction and venue questions. If treaty jurisdiction under the Convention does not lie, federal jurisdiction under 28 U.S.C. § 1331(a), which permits cases *arising under* United States treaties, clearly cannot be established. Similarly, if the Convention precludes suit, our inquiry ceases without an examination of diversity jurisdiction under 28 U.S.C. § 1332(a) (2); in other words, treaty provisions, being of equal constitutional status, may operate under article VI of the Federal Constitution as limitations on diversity jurisdiction, just as the requirements of jurisdictional amount may so operate.

■ It is evident that this case does not fall within any of the categories of Article 28(1) and that the complaint must therefore be dismissed for lack of treaty jurisdiction. While defendant's motion for dismissal under Fed.R.Civ.P. 12(b) (1) and (3) was not based on our formulation of lack of treaty jurisdiction, we treat it as governed by Fed.R. Civ.P. 12(h) (3), requiring that the court must dismiss the action "whenever" it appears, by information of the parties "or otherwise," that the court lacks basic jurisdiction.

The domicile of Canadian Pacific Airways is in Canada, where it is incorporated, a fact not disputed by appellee. Similarly, Canadian Pacific's principal place of business is in Canada. In his complaint, appellee alleges that Canadian Pacific has "an office and principal place of business in the Borough of Manhattan, City and State of New York." On appeal, appellee has not pursued his contention that suit should be allowed on the basis that New York was the carrier's "principal place of business" within Article 28(1); instead, he relies upon his assertion that appellant maintains in New York City "a place of business through which the contract has been made," as that phrase was construed by this court in Eck v. United Arab Airlines, Inc., 360 F.2d 804 (2d Cir. 1966). We conclude that the principal place of business of Canadian Pacific within the Warsaw Convention's narrow meaning is in Canada.[13]

Article 28(1) also provides for suit "before the court at the place of destination," a location that is clearly inapplicable to this case. The flight on which appellee was allegedly injured originated in Canada and was bound for Japan, which would be the only proper location for a suit under this provision of Article 28(1).

Finally, we come to appellee's assertion that the Article 28(1) provision for suit where the carrier "has a place of business through which the contract has been made" is sufficient to allow suit in

---

13. This court has previously stated that, for purposes of Article 28(1), foreign corporations can have but one principal place of business. Eck v. United Arab Airlines, Inc., 360 F.2d 804, 809 n. 9 (2d Cir. 1966), and cases cited. A district court in this circuit has incidentally held that Canadian Pacific's principal place of business is in Canada. Parkinson v. Canadian Pacific Airways, Ltd., 10 Av.Cas. 17,967 (S.D.N.Y.1968), *and on resubmission*, 10 Av.Cas. 18,237 (S.D. N.Y.1969) (not officially reported). We are not unmindful of the unrealism of applying to a far-flung corporate enterprise any concept of jurisdiction based upon its having only one principal place of business. *See* C. Wright, Federal Courts § 27, at 91 (2d ed. 1970).

the United States. We disagree and conclude that appellee's reliance on *Eck, supra,* in this respect is misplaced.

In *Eck*, the ticket for an international flight was purchased in Oakland, California, for a Switzerland-Sudanese Republic trip. Relying on the purchase of the ticket at a site *within* the United States, through an agency of the carrier, *plus* the existence of a regular ticketing and booking office within the United States, this court concluded that Article 28(1) was satisfied. 360 F.2d at 814–815. *Eck* quite clearly did not hold that suit in the United States would be proper where the ticket was purchased outside the United States and no United States contacts, including but not limited to interline or intraline ticketing arrangements, existed beyond the presence of a ticketing and booking office of the carrier-defendant.[14] We are well aware of the strictures against reading the words of a statute too literally, *see* L. Hand, J., concurring in Guiseppi v. Walling, 144 F.2d 608, 624 (2d Cir. 1944), and we think them equally applicable to treaty interpretation. Appellant does have a place of business in the United States, but, since the ticket was purchased in Vancouver, and there appear to have been no arrangements whatsoever between Vancouver and the United States office for ticketing or booking, no reading of the facts in this case can yield the conclusion that the United States was the place "through which the contract has been made." Every phase of the activity involved in this case occurred outside the United States, a fact that places appellee outside the boundaries of Article 28(1).

Accordingly, we reverse because we are constrained to do so by the Treaty. Therefore, we need not deal with the domestic law questions of jurisdiction and venue.

---

14. The opinion sets forth the requirement under the third provision of Article 28 (1) that the ticket be purchased in the country where the suit is brought. 360 F.2d at 814. While *Eck* speaks in terms of venue, there was treaty jurisdiction there as we view it.