RECUMAR INC., as agents for La Libertad, Cia. General De Seguros S.A., Seguros, La Commercial, S.A., Wearever De Mexico, S.A., Popular Y Provenir Compania De Seguros, Importaciones, Representaciones, I.O., Isaac Sheinberg K., Plaintiffs,

v.

KLM ROYAL DUTCH AIRLINES, Koninklijke Luchtvaart Maatschappij, Defendants.

No. 83 Civ. 8710.

United States District Court, S.D. New York.

Jan. 29, 1985.

---

Harold M. Kingsley, New York City, for plaintiffs.

Condon & Forsyth by Stephen J. Fearon, New York City, for defendants.

## OPINION

MOTLEY, Chief Judge.

This is an action to recover money damages in the amount of $11,553.98 for the alleged loss of three consignments of goods shipped by defendant. Defendant KLM Royal Dutch Airlines (hereinafter "KLM") has moved for summary judgment to dismiss two of the three claims brought by plaintiffs on the ground that the court is without subject matter jurisdiction over these claims under the Warsaw Convention. KLM also seeks dismissal of all three claims on the grounds of *forum non conveniens*. For the reasons stated below, defendant's motion for summary judgment is granted in part.

### FACTS

Plaintiffs, Recumar Inc., et al. (hereinafter "RECUMAR"), the foreign owners or authorized representative of the foreign owners or underwriters of the cargo allegedly shipped and lost by defendant, bring this action to recover money damages in the amount of $11,553.98. Plaintiffs' claims arise from the alleged loss of three separate consignments of goods shipped on KLM between different countries at different times.

Consignment "A" was shipped pursuant to a KLM air waybill (# 074–4001–2442) issued in Zurich, Switzerland, which provided for transportation with Zurich, the place of origin and Mexico City, Mexico, the destination. Consignment "B" was shipped pursuant to a KLM air waybill (# 074–8645–0136) issued in Bombay, India, which provided for transportation with Bombay the place of origin and Mexico City, the destination. Consignment "C" was shipped pursuant to a KLM air way bill (# 074–8715–2063) issued in Curacao, Netherlands, which provided for transportation with the place of origin listed as Curacao and Lima, Peru, the destination.

Defendant KLM, a corporation organized and existing under the laws of The Netherlands with its corporate headquarters and principal place of business in Amstelveen, The Netherlands, brings this motion for

summary judgment to dismiss this action on the grounds of lack of subject matter jurisdiction with respect to Consignments "A" and "B", and *forum non conveniens* with respect to all three of RECUMAR's claims. RECUMAR asserts as the basis for New York being the proper forum that New York is the only place in which both RECUMAR and KLM have offices and conduct business.

## DISCUSSION

### A. *Subject Matter Jurisdiction*

KLM contends that RECUMAR's claims concerning Consignments "A" and "B" are governed exclusively by provisions of a treaty of the United States commonly known as the Warsaw Convention.[1] The United States has been a party to the Warsaw Convention since October 29, 1934. 49 Stat. 3000 (1934). The Warsaw Convention, as a treaty of the United States, is the supreme law of the land. U.S. Const. Art. VI; *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798, 801 (2d Cir.1971).

The Warsaw Convention applies "to all international transportation of persons, baggage or goods performed by aircraft for hire." 49 Stat. 3014. Article 1(2) defines "international transportation" as:

> any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to the convention.

49 Stat. 3014.

The relevant contract of transportation and reference to the provisions of the War-saw Convention determine the applicability of the Convention. Therefore, where the air waybill provides for transportation by air between certain designated terminals, the provisions of the Warsaw Convention apply to the transportation and determine the rights of the parties. *Benjamins v. British European Airways*, 572 F.2d 913, 914 (2d Cir.1978), cert. denied, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979).

■ With respect to Consignment "A", since Switzerland, the place of origin, is an original signatory to the Warsaw Convention,[2] and Mexico, the country of destination, ratified the Convention on February 14, 1933,[3] it is clear that "the place of departure and the place of destination ... are situated ... within the territory of two High Contracting Parties." Article 1(2), Warsaw Convention, 49 Stat. 3014. Thus, Consignment "A" falls squarely within the definition of "international transportation."

With respect to Consignment "B", since the transportation orginated in India, which ratified the Convention on January 29, 1970,[4] and was destined for Mexico, it is clear that "the place of departure and the place of designation ... are situated ... within the territory of two High Contracting Parties", as in the case of Consignment "A". Article 1(2), Warsaw Convention, 49 Stat. 3014. Again, the transportation falls squarely within the definition of "international transportation."

■ With respect to Consignment "C", the Warsaw Convention is not applicable since its transportation did not take place between the territory of "two High Contracting Parties." Peru, the place of destination for the transportation, has neither signed nor ratified the Convention.

The exclusivity of the Warsaw Convention to any claim for damages arising out

---

**1.** Official title: Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929; 49 Stat. 3000 (1934), T.J. No. 876, 137 L.N.T.J. 22, *reprinted in* 49 U.S.C. 1502 note (1976).

**2.** Shawcross & Beaumont, *Air Law,* App. A at 20 (4th ed. 1983).

**3.** *Id.,* at 19.

**4.** *See* footnote 2, *supra,* at 18.

of "international transportation" is established in Article 24 of the Convention. Article 24 provides:

> (1) In the cases covered by articles 18 and 19 in any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention.

49 Stat. 3020.

Article 28(1) describes the options available to a plaintiff in a Warsaw Convention case in determining the forum in which an action may be brought. The plaintiff has available four specified forums:

> (a) the domicile of the carrier;
>
> (b) the carrier's principal place of business;
>
> (c) the carrier's place of business through which the contract has been made; or
>
> (d) the place of destination.

49 Stat. 3020.

■ The Second Circuit has held that the courts of the United States lack subject matter jurisdiction over an action for damages governed by the Warsaw Convention where none of the places specified in Article 28(1) of the Convention is in the United States. *Canadian Pacific Airways, Ltd.*, 452 F.2d at 801; *Gayda v. LOT Polish Airlines*, 702 F.2d 424, 426 (2d Cir.1983). Since *Canadian Pacific Airways* it has been recognized that where Article 28 of the Convention applies dismissal of the complaint for lack of treaty jurisdiction is mandated where none of the four forums enumerated in Article 28 is in the United States. *Gayda*, 702 F.2d at 425.

In the instant action it is clear that none of the places specified in Article 28 is in the United States. KLM is incorporated under the laws of The Netherlands. Therefore KLM's domicile with respect to Article 28 is that country. *See Canadian Pacific Airways, Ltd.*, 452 F.2d at 802.

■ With respect to Article 28, a corporation may have only one principal place of business. *Id.* KLM's corporate and operational headquarters are located in The Netherlands. Thus, The Netherlands is also KLM's principal place of business.

The contracts of carriage for Consignments "A" and "B" are air waybills. The place where the air waybill was issued generally is regarded as the carrier's place of business through which the contract was made. *Id.*, at 803. Since the air waybill for Consignment "A" was issued in Switzerland and the air waybill for Consignment "B" was issued in India, Switzerland and India are the respective places of business through which the contracts were made.

With respect to Article 28, the place of destination is the ultimate destination of the transportation stated on the air waybill. *Id.* at 802. Consignments "A" and "B" both specified Mexico as the ultimate place of destination in their respective air waybills. Thus, the place of destination for both transportations was Mexico.

■ Subject matter jurisdiction over Consignments "A" and "B" is precluded by the Warsaw Convention. The Warsaw Convention, however, does not apply to Consignment "C" since its transportation did not take place between two "High Contracting Parties."

### B. *Forum Non Conveniens*

■ The decision whether to dismiss an action on the ground of *forum non conveniens* is committed to the sound discretion of the district court. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, (1981). In exercising that discretion, the court is to weigh certain enumerated factors involving both the private interest of the litigants and the public interest. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Corp. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419. In *Gulf Oil Co.*, the Supreme Court articulated the private and public interest that a court must weigh in deciding whether a plaintiff's choice of forum should be rejected on grounds of *forum non conveniens*. The applicable factors pertaining to the private interest of the litigants include the relative ease of access

to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining willing witnesses; questions as to the enforceability of a judgment if one is obtained; and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843. The public interest concerns include: the administrative problems effected by court congestion, the local interest in the litigation, the avoidance of unnecessary problems in conflicts of law and the application of foreign law. *Id.* at 509, 67 S.Ct. at 843. In addition, a court must evaluate the enforceability of a judgment rendered by it, "weigh relative advantages and obstacles to fair trial," and determine whether the plaintiff has instituted suit in a particular forum with the intent to vex or harass the defendant. *Id.* at 508, 67 S.Ct. at 843.

■ The plaintiff's choice of forum should only be disturbed where the balance is strongly in favor of the defendant. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. The relevant inquiry is whether it would be so much easier and fairer to try the case in an alternative forum than in New York that the balance strongly favors dismissal. *Manu International, S.A. v. Avon Products, Inc.*, 641 F.2d 62, 65 (2 Cir.1981).

■ Plaintiffs RECUMAR correctly argue that defendant KLM must show that there is an adequate alternative forum which possesses jurisdiction over the entire action and the defendant before the action may be dismissed on *forum non conveniens* grounds. It is well-established that the defendant has the burden of proof on this issue and such a showing is a prerequisite to a *forum non conveniens* inquiry. *Schertenleib v. Traum*, 589 F.2d 1156, 1159–60 (2d Cir.1978); *Gibbons v. Udaras na Gaeltachta*, 549 F.Supp. 1094, 1120 (S.D.N.Y.1982).

■ Upon a showing that an adequate alternative forum exists a *forum non conveniens* dismissal is theoretically possible. Such a dismissal, however, is only appropriate if the court determines that a balancing of the private and public interest factors clearly point towards a trial in that alternative forum. *Gibbons v. Udaras*, 549 F.Supp. at 1120; *See Piper Aircraft Co. v. Reyno*, 102 S.Ct. at 265.

The Second Circuit, in *Overseas Programming Companies, Ltd. v. Cinematographische Commerz-Anstalt*, 684 F.2d 232 (2d Cir.1982), stated that the court must designate the more convenient forum to which the parties should be relegated. It is not enough for the court to merely consider the drawbacks of one forum; rather the court must weigh the relative convenience of the chosen forum against that of the alternative forum. Thus, the final balancing involves weighing the relative advantages of each forum. *Id.* at 235.

■ KLM has failed to satisfy its burden in showing that there is an adequate alternative forum. It merely summarily suggests the Netherlands, the Netherland Antilles, or Peru as alternative forums without any specificity as to the convenience of the forums. Accordingly, it is impossible for this court to weigh the relative advantages of the various forums and to designate a more convenient forum. Defendant's motion to dismiss on the ground of *forum non conveniens* must be denied.

CONCLUSION

Subject matter jurisdiction over Consignments "A" and "B" is precluded by the Warsaw Convention. Defendant's motion for summary judgment to dismiss on the ground of lack of subject matter jurisdiction is granted with respect to plaintiff's first two claims. With respect to Consignment "C", defendant's motion for summary judgment to dismiss on the ground of *forum non conveniens* is denied.

SO ORDERED.