**Lorraine P. STANFORD, Executrix of the Estate of William L. Stanford, Plaintiff,**

v.

**KUWAIT AIRLINES CORPORATION, Pan American World Airways, Inc., Northwest Airlines, Inc., Middle East Airlines Airliban, S.A., and International Air Transportation Association, Defendants.**

**Edwina R. HEGNA, Executrix of the Estate of Charles F. Hegna, Plaintiff,**

v.

**KUWAIT AIRLINES CORPORATION, Pan American World Airways, Inc., Northwest Airlines, Inc., Middle East Airlines Airliban, S.A., and International Air Transportation Association, Defendants.**

**Nos. 85 Civ. 0477(SWK), 85 Civ. 2448(SWK).**

United States District Court, S.D. New York.

Jan. 25, 1989.

Dupont, Tobin, Levin, Carberry & O'Malley, P.C. by Thomas J. Riley, New London, Conn., Healy & Baillie by Raymond A. Connell, New York City, for plaintiff.

Gallagher & Gosseen by Peter F. Vetro, Mineola, for defendant Pan Am.

**MEMORANDUM OPINION AND ORDER**

KRAM, District Judge.

Defendant Pan American World Airlines ("Pan Am") has brought before the Court this motion for summary judgment for lack of subject matter jurisdiction in the above-captioned cases. These wrongful death actions were brought in 1985 by the wives of

William L. Stanford and Charles F. Hegna —individually and as executrixes of their respective husbands' estates—against Kuwait Airways Corporation ("KAC"), Northwest Airlines, Inc. ("Northwest"), Pan Am, International Air Transport Association ("IATA") and Middle East Airlines. The actions against KAC and Northwest have been dismissed for lack of subject matter jurisdiction pursuant to Article 28(1) of the Warsaw Convention, 49 Stat. 3000 *et seq.*, by the opinions of this Court dated October 8, 1986 and October 20, 1986, respectively.

The background of these cases is fully set forth in the Court's previous memorandum orders. *Stanford v. Kuwait Airways Corp.*, 648 F.Supp. 657 (S.D.N.Y.1986) (*Stanford I*); *Stanford v. Kuwait Airways Corp.*, 648 F.Supp. 1158 (S.D.N.Y. 1986) (*Stanford II*).

## DISCUSSION

Summary Judgment may be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment should not be granted unless the moving party can show that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law on those undisputed facts. *Celotex, supra,* 477 U.S. at 325, 106 S.Ct. at 2554. Nonetheless, "properly employed, summary judgment is a useful device for unmasking frivolous claims and putting a swift end to meritless litigation." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).

■ The terms of the Warsaw Convention exclusively govern the rights and liabilities of the parties, including Pan Am. *Stanford I*, 648 F.Supp. at 661 n. 5; *In re*

*Air Crash Disaster at Warsaw, Poland,* 535 F.Supp. 833, 844–45 (E.D.N.Y.1982), *aff'd,* 705 F.2d 85 (2d Cir.1983). Article 28(1) of the Warsaw Convention provides that an action can be brought against a carrier in four locales, including its domicile or principal place of business.[1] Plaintiffs contend that this Court has jurisdiction over Pan Am in this locale because Pan Am issued the ticket and is therefore a carrier, even though it did not take part in the actual air carriage. In a companion case, this contention was fully rejected by the District of Columbia Circuit Court of Appeals. *Kapar v. Kuwait Airlines Corp.*, 845 F.2d 1100 (D.C.Cir.1988).

The *Kapar* plaintiff, another American on the same hijacked plane, was beaten by the terrorists but not killed. In *Kapar,* the plaintiff attempted to sue Pan Am as a "carrier" within the meaning of Article 28(1), but the District of Columbia Circuit flatly rejected this contention. The *Kapar* court reasoned that "although the term 'carrier' is not defined in the Convention, the manner in which it is employed, particularly in the chapter titled 'Liability of the Carrier', makes clear that the Convention's drafters were referring only to those airlines that actually transport passengers or baggage ('actual carrier')." 845 F.2d at 1103. The D.C. Circuit cited Article 30 of the Convention for the proposition that in any transportation involving successive carriers, passengers "can take action only against the carrier who performed the transportation during which the accident or delay occurred."[2] 49 Stat. 3021; *Kapar, supra,* 845 F.2d at 1103; *see also Stanford II, supra,* 648 F.Supp. at 1163. The *Kapar* court held that it is a "well-settled principle that an airline that issues a ticket for carriage on another airline acts only as the *agent* for the actual carrier." *Kapar, supra,* 845 F.2d at 1103 (emphasis in origi-

---

1. Article 28(1) provides:
   An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

49 Stat. 3020–21.

2. Hijacking is an "accident" within the meaning of the Convention. *Stanford I, supra,* 648 F.Supp. at 660 n. 4; *Husserl v. Swiss Air Transport Co.*, 351 F.Supp. 702 (S.D.N.Y.1972), *aff'd,* 485 F.2d 1240 (2d Cir.1973).

nal). It therefore concluded that an airline that merely issues a ticket should not face potential liability as a carrier. This Court agrees.

This conclusion is further supported by the clear and explicit language on plaintiffs' Pan Am tickets. On these tickets is a contract denominated into ten clauses. Clause 5 of the "Conditions of Contract" unambiguously states that "an air carrier issuing a ticket for carriage over the lines of another air carrier does so only as its agent." Furthermore, this is the common understanding and practice of international air carriers, including IATA members whose understanding is contractual.[3] Therefore, plaintiffs' argument that Pan Am is the carrier because it issued tickets with its name printed on them must be rejected. *Kapar, supra,* 845 F.2d at 1104 n. 12.

■ The Court finds the opinion of the D.C. Circuit persuasive and adopts its determination that Pan Am acted as an agent of KAC, not as a carrier. Nonetheless, plaintiffs further contend that the Court may have diversity and admiralty jurisdiction pursuant to 28 U.S.C. §§ 1332–33. The Convention, a treaty of the United States, is the supreme law of the land and "equal in stature and force to domestic laws of the United States." *Smith v. Canadian Pacific Airways, Ltd.,* 452 F.2d 798, 801 (2d Cir.1971). Since "[a]rticle 28 [of the Convention] speaks to subject matter jurisdiction, it operates as an absolute bar to federal jurisdiction in cases falling outside of its terms." *Gayda v. LOT Polish Airlines,* 702 F.2d 424, 425 (2d Cir. 1983) (no subject matter jurisdiction over defendant exists where the Convention does not confer it). The Second Circuit has held:

> [I]f the Convention precludes suit, our inquiry ceases without an examination of diversity jurisdiction under 28 U.S.C. 1332(a)(2); in other words, treaty provisions, being of equal constitutional status, may operate under article VI of the

Federal Constitution as limitations on diversity jurisdiction, just as the requirements of jurisdictional amount may so operate.

*Smith, supra,* 452 F.2d at 802 (2d Cir. 1972). In the same vein, admiralty jurisdiction is precluded where the Court has decided that it had no jurisdiction under the Convention. *Kapar, supra,* 845 F.2d at 1104–05; *Stanford I, supra,* 648 F.Supp. at 661 n. 5. In so finding, this Court is guided by the explicit language of the Convention, which specifies that an action arising from international air carriage, "however founded, can only be brought subject to the conditions and limits set out in this Convention." Warsaw Convention, art. 24(1), 49 Stat. 3020.

## CONCLUSION

Pan Am's motion to dismiss is granted for lack of subject matter jurisdiction, either under the Convention, or under diversity or admiralty.

SO ORDERED.

---

**3.** Article VII of IATA's "Interline Traffic Agreement—Passenger" states that an issuing airline "shall be deemed to act only as an Agent of the carrying airline(s)." *Kapar,* 845 F.2d 1103–4. Northwest, Pan Am, and KAC are all signatories to this agreement.