**Jackie PFLUG and Scott Pflug, Plaintiffs,**

v.

**EGYPTAIR CORPORATION, a New York Corporation, Defendant.**

**No. 87–CV–3686.**

United States District Court, E.D. New York.

Sept. 26, 1991.

Frank Flemming, Kreindler & Kreindler, New York City, for plaintiffs.

Christopher Carlsen, Condon & Forsyth, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiffs sue defendant for injuries sustained during the hijacking of a plane carrying plaintiff Jackie Pflug from Athens to Cairo. Egyptair Corporation has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint, or in the alternative, for summary judgment pursuant to Rule 56(c). For the reasons set forth below, this Court grants defendant's motion to dismiss.

## I. FACTS

Plaintiffs Jackie and Scott Pflug are United States citizens domiciled in the State of Minnesota. Defendant Egyptair Corporation is a wholly owned subsidiary of Egyptair, the national air carrier of Egypt which is incorporated under the laws of Egypt. Egyptair Corporation, the subsidiary, is incorporated under the laws of New York.

Plaintiff Jackie Pflug purchased a ticket in Cairo to fly round trip from Cairo to Athens. On November 23, 1985, on her return trip on Egyptair Flight 648, the plane was hijacked by three men. After making an emergency landing in Malta, the highjackers separated all American and Israeli passengers from the remainder of the passengers. They then forced Jackie Pflug out of the plane and onto a moving staircase abutting the plane. There, they shot her in the head. She fell down the staircase and lay unattended on the runway feigning death and drifting in and out of consciousness. After five hours, employees of Egyptair removed her and upon discovering that she was alive, sent her to a hospital.

## II. DISCUSSION

While plaintiffs assert that the injuries sustained outside the plane are not

covered by the Warsaw Convention[1], this Court views the entire complaint as falling within the scope of the Warsaw Convention. *See* Warsaw Convention, art. 17, 49 Stat. 3018 (1934); *Day v. Trans World Airlines, Inc.*, 528 F.2d 31, 33 (2d Cir.1975), *cert. denied*, 429 U.S. 890, 97 S.Ct. 246, 50 L.Ed.2d 172 (1976). The question this Court must address is whether treaty jurisdiction exists under the particular facts of this case.

Article 28(1) of the Convention provides that a suit for damages subject to its provisions must be brought in one of four locations: 1) the domicile of the carrier; 2) the principal place of business of the carrier; 3) the carrier's place of business through which the contract has been made; or 4) the place of destination. *See* Warsaw Convention, art. 28, 49 Stat. 3020 (1934). If, in any given action, the United States is not one of the fora specified by Article 28, the federal courts lack treaty jurisdiction under the Convention and therefore federal subject matter jurisdiction over the controversy. *See Gayda v. LOT Polish Airlines*, 702 F.2d 424, 425 (2d Cir.1983); *Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798, 802 (2d Cir.1971).

In this case it is undisputed that Egypt represents the principal place of business of the carrier, the destination of the particular flight, and the place where the contract was made. The question is whether the carrier, Egyptair, is domiciled in the United States. This Court has recently held that for purposes of the Warsaw Convention, a corporation can have only one domicile: its place of incorporation. *See In Re Air Disaster Near Cove Neck, New York, On January 25, 1990*, MDL 799 (TCP) (*Ochoa v. Aerovias Nacionales De Columbia, S.A.*, 774 F.Supp. 725 (E.D.N.Y.1991); *De Londono v. Aerovias Nacionales De Columbia*, 774 F.Supp. 718 (E.D.N.Y.1991)). The record indicates that Egyptair, the carrier, is incorporated in Egypt. This Court, therefore, has no sub-

ject matter (treaty) jurisdiction over the case.

For the foregoing reasons, defendant's motion is granted.

SO ORDERED.

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, art. 1(1), 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in*, 49 U.S.C. § 1502 (1976) (note) [hereinafter the "Warsaw Convention"].