101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
June Faulkner CROSSMAN, Sophie B. Chmil, Dorothy McGough,
Ida K. Galante, Plaintiffs-Appellants,
v.
Matthew T. CROSSON, Irving C. Sperber, Harold Butler,
Charles Koster, Lois Mitchell, Peter Lioio, Robert
Palmer, Defendants-Appellees.
 No. 95-9215.
 United States Court of Appeals, Second Circuit.
 May 15, 1996.
 
 APPEARING FOR APPELLANTS: June Faulkner Crossman, Catskill, N.Y., pro se.
 Sophie B. Chmil, Westbury, N.Y., pro se.
 Dorothy McGough, Woodbury, N.Y., pro se.
 Ida K. Galante, Westbury, N.Y., pro se.
 APPEARING FOR APPELLEES: Raymond S. Hack, Assistant Deputy Counsel, Office of Court Administration, New York, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Present: FEINBERG, CABRANES, PARKER, Circuit Judges.
 
 
 1
 Plaintiffs June Faulkner Crossman, Sophie B. Chmil, Dorothy McGough, and Ida K. Galante are current and former employees of the Nassau County Family Court ("the Family Court"). They originally brought this action in the United States District Court for the Northern District of New York on September 23, 1991, claiming that the defendants, mainly supervisory officials at the Family Court, discriminated against them in "hiring, dismissal, discipline, job assignments, training opportunities, shift assignments, promotions, [and] demotions" on account of their race, religion, sex, national origin, and age. In addition, the plaintiffs claim that the defendants retaliated against them for disseminating a press release in November 1990, which disclosed alleged instances of discrimination and corruption on the part of Family Court officials.
 
 
 2
 The district court in the Northern District dismissed the complaint, without prejudice, for failure to state a claim upon which relief could be granted. The plaintiffs, proceeding pro se, filed an amended complaint. The defendants successfully moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Eastern District of New York and thereafter sought summary judgment, claiming that the plaintiffs' suit, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., was barred by their failure to procure a right-to-sue letter from the Equal Employment Opportunity Commission.
 
 
 3
 The district court granted the defendants' motion for summary judgment and dismissed the complaint in its entirety. On appeal, the plaintiffs claim that: (1) their filing of a complaint with the Equal Employment Opportunity unit of the New York State Unified Court System constituted compliance with the administrative prerequisites of Title VII and the ADEA; and (2) the district court should have examined their claims under 42 U.S.C. § 1983, rather than merely under Title VII and the ADEA.
 
 
 4
 Substantially for the reasons stated in the opinion of the district court, we conclude that the plaintiffs are barred from pursuing claims under Title VII or the ADEA by virtue of their failure to comply with the statutory prerequisites for filing a federal action.
 
 
 5
 We pause to consider the possibility that, construing the pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the plaintiffs in fact raised claims under 42 U.S.C. § 1983 and the district court therefore erroneously dismissed the complaint in its entirety. In identifying § 1983 on appeal as an additional basis for their suit, it is not clear whether the plaintiffs intend merely to suggest that, as public employees, they are entitled to cast their discrimination claims as violations of the Equal Protection Clause of the Fourteenth Amendment, remediable under § 1983; or whether they seek to pursue a distinct claim that certain actions taken in response to their November 1990 press conference amounted to retaliation for their exercise of their First and Fourteenth Amendment rights of free expression, also remediable under § 1983. In either case, we see no error in the judgment dismissing the complaint in its entirety.
 
 
 6
 A pro se plaintiff should be "afforded every reasonable opportunity to demonstrate that he has a valid claim," particularly where he alleges civil rights violations. Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir.1984). Thus, even where a pro se plaintiff confuses various legal theories, it may be appropriate for the court to scrutinize the complaint to determine whether the facts alleged would support a different theory, or to permit a plaintiff to amend his complaint to plead missing elements. See, e.g., Frasier v. General Elec. Co., 930 F.2d 1004, 1008 (2d Cir.1991); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763 (2d Cir.1990), amended on reh'g on other grounds, id. at 765, cert. denied, 499 U.S. 943 (1991). Nonetheless, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The question here is whether the district court should have recognized potential § 1983 claims in connection with the plaintiffs' allegations that they were discriminated against or that their comments on corruption and discrimination in the Family Court led to retaliation.
 
 
 7
 A viable claim for damages under § 1983 requires a showing of personal involvement on the part of the defendants. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir.1990). The plaintiffs' complaint contains only a conclusory recitation of alleged discriminatory and retaliatory employment practices, and attributes no purportedly improper conduct to any specific defendant. Accordingly, the complaint cannot reasonably be construed to have put the defendants and the court on notice as to the basic events and circumstances of which the plaintiffs complain or to have apprised the court of possible § 1983 claims. As we have previously noted, "at some point in a lawsuit even pro se litigants must make clear to the court their claims and the facts that they believe entitle them to specific relief." Salahuddin v. Coughlin, 781 F.2d 24, 29 (2d Cir.1986). In the circumstances of this case--where the plaintiffs' initial complaint was purportedly drafted by counsel, the district court previously afforded the plaintiffs an opportunity to amend the complaint to plead instances of discriminatory or retaliatory action in greater detail, the plaintiffs did not seek to amend the complaint a second time, and the plaintiffs failed to identify any additional issues in the face of the defendants' motion for summary judgment--the court's dismissal of the entire complaint was not in error.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.